WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DAVID F. OFFEN-BROWN, SBN 063321 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
Telephone No. (415) 625-5652
Fax No. (415) 625-5657
David.Offen-Brown@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PLACER ARC d/b/a PLACER ADVOCACY RESOURCES & CHOICES,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Homeyra Kazerounian (Charging Party) who was adversely affected by such practices and was the object of retaliation.  As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Placer ARC d/b/a Placer Advocacy Resources and Choices (Defendant) failed to provide Charging Party with a reasonable accommodation for her disability, in violation of the ADA.  Defendant also discriminated against Charging Party because she has a disability and

COMPLAINT                                             1

unlawfully retaliated against her by subjecting her to disparate terms and conditions of employment because she requested an accommodation, opposed the denial of accommodation, and/or filed a charge of discrimination with Plaintiff Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California, Sacramento Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Placer ARC d/b/a Placer Advocacy Resources and Choices (the Employer), has continuously been a California corporation doing business in the State of California and the City of Roseville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### Violation of Title I of the ADA: -- Disability Discrimination

7. More than thirty days prior to the institution of this lawsuit, Charging Party Homeyra Kazerounian filed a charge with Plaintiff Commission alleging violations of Title I and Title V of the ADA by Defendant Employer. She later filed a second charge alleging violations of Title I, including that she had been constructively discharged. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2008, Defendant Employer has engaged in unlawful employment practices at its Roseville facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112, as described below.

9. Charging Party has a disability - she is profoundly deaf - which substantially limits her ability to hear, speak and communicate. American Sign Language (ASL) is her primary language and she has a limited grasp of the English language. Charging Party disclosed her disability to Defendant before she was hired.

10. At all relevant times, Charging Party was qualified to perform, able to perform, and performed the essential functions of her job as an instructional aide with or without reasonable accommodation. Charging Party performed her duties as an instructional aide successfully from April 2005 through her constructive termination in May 2010.

11. From at least April 2005 through the end of 2007, Charging Party requested and received as an accommodation a proficient ASL interpreter for mandatory meetings, performance meetings, and at other times upon request when she required an interpreter to communicate fully. This accommodation was reasonable and was provided by Defendant until the end of 2007, but then was rescinded despite Charging Party's complaints.

12. From at least February 2008 and continuing through May 2010, Defendant required Charging Party to attend regular and mandatory team meetings in order to discuss rules of conduct, health and safety issues, and other important issues for the performance of her job. Defendant also met with Charging Party individually regarding her job duties and performance. Despite Charging

Party's repeated requests, Defendant generally refused to provide a sign language interpreter who was proficient in ASL or denied the request for an interpreter although Defendant knew of Charging Party's limited ability to communicate in written English. Defendant did not engage Charging Party in an interactive process about her request for a proficient interpreter, and did not offer any reasonable, effective alternatives to accommodate Charging Party's disability. Consequently, Charging Party could not follow what was being discussed during or participate fully in meetings, and was deprived of the benefits and privileges of employment that were available to co-workers who could hear.

13. The effect of the practices complained of in paragraphs 11 and 12 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Titles I and V of the ADA: -- Retaliation

16. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 15 above as though fully set forth herein.

17. Since at least approximately February 2008 and through May 24, 2010, Defendant engaged in unlawful employment practices in violation of section 503 of Title V of the ADA, 42 U.S.C. § 12203, by taking adverse employment actions, including but not limited to taking adverse employment actions against the Charging Party, in unlawful retaliation for exercising her right to request a reasonable accommodation, and/or because she filed an internal complaint of discrimination and/or a charge of discrimination with the Commission and participated in the investigation and proceedings of the Commission, and/or because she has a disability.

18. Since at least February 2008, and thereafter, Charging Party requested a reasonable

accommodation, particularly proficient interpretation of staff meetings and performance meetings she was required to attend, and complained to Defendant when her requests were denied, including but not limited to filing a charge of discrimination with the Commission on December 9, 2008, alleging, *inter alia*, that she had been denied a reasonable accommodation and retaliated against for requesting accommodation.

19. Frequently, from March 2008 up until her constructive discharge in May 2010, Defendant reprimanded Charging Party for protesting the denial of an qualified interpreter, refused to meet with her or her advocates about her accommodation requests, repeatedly denied requests for interpreter services, and took other adverse actions against Charging Party because of her persistent opposition to Defendant's refusal to accommodate her disability. By denying Charging Party effective communication accommodations, Defendant created an intolerable work environment for Charging Party.

20. Defendant took the actions described in paragraphs 17 and 19 above in retaliation for Charging Party's actions described in paragraph 18 above and because she has a disability.

21. The effect of the actions complained of in paragraphs 17 and 19 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and statutorily protected activities.

22. The unlawful employment practices complained of in paragraphs 17 and 19 above were intentional.

23. The unlawful employment practices complained of in paragraphs 17and 19 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

### THIRD CLAIM FOR RELIEF

**Violation of Title I and Title V of the ADA: - - Constructive Discharge**

24. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 23 above as though fully set forth herein.

25. Since the beginning of March 2008, and thereafter, Charging Party made repeated requests for an effective reasonable accommodation that would enable her to participate in staff

meetings and performance meetings she was required to attend. The requests were repeatedly denied. By denying Charging Party effective communication accommodations, taking the actions described above in the First and Second Claims for Relief, and by taking other adverse actions against Charging Party, Defendant caused Charging Party to be isolated, limited in her ability to communicate, increasingly frustrated, and continually fearful that her persistent requests for accommodation would result in further retaliation.

26. The acts described in paragraph 24 and 25 above made Charging Party's working conditions so intolerable that a reasonable person would have felt compelled to resign. Charging Party felt compelled to resign in May 2010.

27. The effect of the actions complained of in paragraphs 24, 25, and 26 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee.

28. The unlawful employment practices complained of in paragraphs 24, 25, and 26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 24, 25, and 26 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

**Wherefore, the Commission respectfully requests that this Court:**

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from denying reasonable accommodations to disabled employees and engaging in any other employment practice that discriminate on the basis of disability; and/or from engaging in unlawful retaliation for requesting reasonable accommodation and/or filing a charge of discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Charging Party, by providing appropriate

1  backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief
2  necessary to eradicate the effects of its unlawful employment practices, including but not limited to
3  reinstatement of Charging Party.

4       D.    Order Defendant Employer to make whole Charging Party by providing
5  compensation for past and future pecuniary losses resulting from the unlawful employment practices
6  described above, including job search expenses and medical expenses, in amounts to be determined
7  at trial.

8       E.    Order Defendant Employer to make whole Charging Party by providing
9  compensation for past and future nonpecuniary losses resulting from the unlawful practices
10 complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life,
11 anxiety, stress, and humiliation, in amounts to be determined at trial.

12      F.    Order Defendant Employer to pay Charging Party punitive damages for its malicious
13 and reckless conduct, as described above, in amounts to be determined at trial.

14      G.    Grant such further relief as the Court deems necessary and proper in the public
15 interest.

16      H.    Award the Commission its costs of this action.

26 / / /
27 / / /
28 / / /

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC  20507

Dated:   March 25, 2013           */S/ William R. Tamayo*
WILLIAM R. TAMAYO
Regional Attorney

Dated:   March 25, 2013           */S/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated:   March 25, 2013           */S/ David F. Offen-Brown*
DAVID F. OFFEN-BROWN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

COMPLAINT                              8