1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. EQUAL EMPLOYMENT                    No.  2:13-cv-0577-KJM-EFB
     OPPORTUNITY COMMISSION,
12
                    Plaintiff,
13                                            FINAL JURY INSTRUCTIONS

         v.
14
     PLACER ARC d/b/a PLACER
15   ADVOCACY RESOURCES & CHOICES,

16                  Defendant.

17

18

19   DATED:  December 16, 2015

20

21                                           _____

22                                           UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                                       1

1   <u>FINAL INSTRUCTION NO. 1</u>

2   Members of the Jury: Now that you have heard all of the evidence and the

3   arguments of the parties, it is my duty to instruct you as to the law of the case.

4   A copy of these instructions will be sent with you to the jury room when you

5   deliberate.

6   You must not infer from these instructions or from anything I may say or do as

7   indicating that I have an opinion regarding the evidence or what your verdict should be.  Likewise

8   you should not infer from the sign language interpreters' tone of voice or anything they say or do

9   that the sign language interpreters have an opinion regarding the evidence or what your verdict

10   should be.

11   It is your duty to find the facts from all the evidence in the case.  You, and you

12   alone, are the judges of the facts.  You must decide what the facts are and then apply those facts

13   to the law which I will give to you.  You must follow the law as I give it to you whether you

14   agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

15   prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

16   you.  You will recall you took an oath to do so.

17   In following my instructions, you must follow all of them and not single out some

18   and ignore others; they are all important.

19

20

21

22

23

24

25

26

27

28

2

FINAL INSTRUCTION NO. 2

The parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

1.     The EEOC is the federal agency of the United States of America charged with the administration, interpretation and enforcement of Title I and Title V of the ADA. It is statutorily authorized to bring this lawsuit.

2.     At all relevant times, ARC has been an entity covered by the ADA.

3.     ARC is a 501(c)(3) non-profit organization dedicated to the support, education and well-being of individuals with intellectual and developmental disabilities.

4.     ARC provides programs to its disabled clients that help support their development in important life areas such as personal care, living a healthy lifestyle, finances, visual and performing arts, volunteerism, vocational guidance, and higher education.

5.     At all times relevant to this lawsuit, ARC has continuously been a California corporation doing business in the State of California and Cities of Auburn, Roseville, and Meadow Vista.

6.     Ms. Kazerounian has a disability related to her hearing.  Ms. Kazerounian disclosed her disability related to her hearing to ARC before she was hired.

7.     In 2004, ARC accepted Ms. Kazerounian as a volunteer in its Auburn program under the supervision of Program Director Lindy Hicks.

8.     In 2004, ARC's Executive Director, Sandra Boudreau, was replaced by Barbara Guenther.

9.     By letter dated February 28, 2005, Ms. Kazerounian asked ARC to provide an interpreter for trainings that all staff is required to take.

10.     In April 2005, ARC hired Ms. Kazerounian as an Instructional Aide at its Auburn facility, still under the supervision of Lindy Hicks.

1    11.    During her employment, ARC required Ms. Kazerounian to attend regular and

2    mandatory employee meetings to discuss various matters related to her employment, including

3    but not limited to rules of conduct and health and safety issues.

4    12.    During her employment with ARC, there were times ARC met with Ms.

5    Kazerounian individually regarding her job duties and performance.

6    13.    ARC provided certified sign language interpreters from Eaton Interpreting Service

7    on a near-weekly basis from April 2005 through early 2008 while Ms. Kazerounian worked at the

8    Auburn and Meadow Vista facilities under Program Director Lindy Hicks.

9    14.    Eaton Interpreting Service charged $50 an hour for its certified ASL interpreters

10   between 2005 until August 2007 and Eaton's general practice was to charge a minimum of two

11   hours.

12   15.    In October 2006, Ms. Kazerounian's received a raise.

13   16.    In August 2007, Eaton Interpreting Services raised its rates to $55.00 an hour for

14   certified ASL interpreters and Eaton's general practice was to charge a minimum of two hours.

15   17.    In February 2008, Ms. Kazerounian became a 1:1 Instructional Aide in ARC's

16   Roseville Adult Center facility under the supervision of Program Director Patti Felland.

17   18.    In March 2008, ARC hired Sheila Maas as an Instructional Aide and with the

18   understanding that she would provide interpretation services to Ms. Kazerounian.

19   19.    On March 17, 2008, Ms. Kazerounian informed ARC that she believed that

20   interpreter services provided by co-worker, Sheila Maas, were unsatisfactory.

21   20.    On March 25, 2008, Executive Director Barbara Guenther issued a disciplinary

22   memo to Ms. Kazerounian.

23   21.    In a letter to Barbara Guenther dated May 28, 2008, Ms. Kazerounian asked ARC

24   to provide a professional and certified sign language interpreter for "any staff meetings and any

25   meetings with Guenther and/or the HR manager."

26   22.    ARC provided Eaton interpreters for Ms. Kazerounian six times from February 19,

27   2008 through the end of May 2010.

28

4

23.     On December 9, 2008, Ms. Kazerounian filed a complaint of discrimination with the California Department of Fair Employment and Housing, dually filed with the Equal Employment Opportunity Commission (EEOC), alleging disability discrimination based on a denial of reasonable accommodation.

24.     On February 3, 2009, Ms. Kazerounian became in Instructional Aide at ARC working 25 hours per week.

25.     One of Ms. Kazerounian's job duties at ARC was to read the information contained in her client files, including reports regarding her client's behavior.

26.     One of Ms. Kazerounian's job duties at ARC was to create reports that would be placed in her client's files, including detailing her client's attitude or behavioral issues.

27.     Ms. Kazerounian interviewed for a position at another employer, Adult Day Experience (ADE) one or two weeks prior to her last day of employment at ARC.

28.     Ms. Kazerounian's last day of employment with ARC was May 28, 2010.

29.     On October 5, 2010, Ms. Kazerounian filed a charge of discrimination with the EEOC, alleging constructive discharge.

30.     From June 2010 through June 2011, Ms. Kazerounian worked for ADE.

31.     From July 2012 through July 2013, Ms. Kazerounian worked for Strategies to Empower People (STEP).

32.     Elizabeth Marchant worked as ARC's Deputy Director from April 16, 2007, until July of 2013, when she became its Acting Executive Director due to the departure of Barbara Guenther.

33.     ARC installed Elizabeth Marchant as the Executive Director in October 2013, and she still holds that position.

34.     Patti Felland retired from ARC in December 2012.

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

5

FINAL INSTRUCTION NO. 3

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

1 <u>FINAL INSTRUCTION NO. 4</u>

2    All parties are equal before the law and a corporation such as Placer ARC is

3 entitled to the same fair and conscientious consideration by you as any party.

FINAL INSTRUCTION NO. 5

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

FINAL INSTRUCTION NO. 6

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by counsel are not evidence.  The parties' attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)     Questions and objections by counsel are not evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1    FINAL INSTRUCTION NO. 7

2           There are two kinds of evidence, direct and circumstantial.  A witness testifying to

3    having actual knowledge of a fact and documents received in evidence constitute direct evidence.

4    Circumstantial evidence is a chain of evidence from which you could find that another fact exists,

5    even though no one directly testified as to that fact.

6           Therefore, before you decide that a fact has been proven by circumstantial

7    evidence, you must consider all the evidence in the light of reason, experience, and common

8    sense.

9           How much you believe evidence should not depend on whether it is direct or

10   circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may

11   find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

FINAL INSTRUCTION NO. 8

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

(1)    Was the witness able to see, hear or know the things about which the witness testified?

(2)    How good is the witness's memory and is the witness able to testify clearly?

(3)    Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

(4)    Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

(5)    How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

(6)    Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

(7)    Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1    FINAL INSTRUCTION NO. 9

2              Some evidence may have been admitted for a limited purpose only.  During this

3    trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that

4    item of evidence must be considered for that limited purpose and for no other.  For example, with

5    regard to some exhibits and testimony, I instructed you that you may not consider that evidence as

6    proof of the truth of its contents.

1   FINAL INSTRUCTION NO. 10

2          The following exhibits have been admitted as excerpts from a spiral-bound

3   notebook that Placer ARC referred to as a communication book and that Placer ARC provided

4   and Ms. Kazerounian used during her employment:  20, 21, 28, 38, 46, 57, 58 and 67.

5          To the extent these exhibits contain Ms. Kazerounian's written statements, they are

6   to be considered as her statements describing or explaining an event or condition, made while or

7   immediately after she perceived it.

8          To the extent the exhibits contain the written statements of a coworker, those

9   statements are to be considered as made by an ARC employee on a matter within the scope of the

10  coworker's employment relationship with ARC and while that relationship existed.

1   FINAL INSTRUCTION NO. 11

2           The following exhibits have been admitted as excerpts from Ms. Kazerounian's

3   journal :  78, 79, 80, 81, 82, 84, 85, 86 and 87.

4           The statements in the journal are to be considered as describing or explaining an

5   event or condition, made within a short period of time after Ms. Kazerounian perceived it.

6           The statements also may be considered as relating to a startling event or condition,

7   made while Ms. Kazerounian was under the stress of excitement that the event or condition

8   caused.  In particular, the statements may be considered as recording an emotional, sensory, or

9   physical condition, such as mental feeling, pain, or bodily health.  These statements should not be

10  considered as statements of memory or belief to prove a fact remembered or believed.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

FINAL INSTRUCTION NO. 12

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1    <u>FINAL INSTRUCTION NO. 13</u>

2             Several lay witnesses testified about their opinions during the trial.  You may, but

3    are not required to accept those opinions.  You may give any opinion whatever weight you think

4    is appropriate.

5             Consider the extent of the witness's opportunity to perceive the matters on which

6    the opinion is based, the reasons the witness gave for the opinion, and the facts or information on

7    which the witness relied in forming that opinion.  You must decide whether information on which

8    the witness relied was true and accurate.  You may disregard all or any part of an opinion that you

9    find unbelievable, unreasonable, or unsupported by the evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO. 14

Some of the evidence makes reference to a Workers' Compensation claim. This trial does not include a claim for Workers' Compensation. You may consider evidence that refers to the Workers' Compensation claim but only as background information concerning the claims and defenses in this case.

1    <u>FINAL INSTRUCTION NO. 15</u>

2          In general, the party having the burden of proof on an issue must prove it by a

3    "preponderance of the evidence."  The EEOC has the burden of proof on its claims.  Placer ARC

4    has the burden of proof on its affirmative defenses.

5          Proof by a preponderance of the evidence means the evidence is more convincing

6    and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding

7    upon that issue must be against the party who had the burden of proving it.

8          In determining whether an issue has been proved by a preponderance of the

9    evidence, you should consider all the evidence having to do with that issue regardless of who

10   produced it.

11         I will instruct you about the burden of proof in connection with the specific claims

12   and affirmative defenses.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO. 16

The EEOC has brought a claim of employment discrimination based on the Americans with Disabilities Act (ADA).  Under the ADA, an employer may not discriminate against a qualified individual with a disability.  The EEOC has the burden of proving the following elements by a preponderance of the evidence:

(1)     Ms. Kazerounian has a disability within the meaning of the ADA;

(2)     Ms. Kazerounian is a qualified individual; and

(3)     Placer ARC discriminated against Ms. Kazerounian.

As for the first element, the EEOC and Placer ARC agree that Ms. Kazerounian had a recognized disability under the ADA: hearing impairment.  You should therefore treat this element as having been proved.

As for the second and third elements, the words "qualified individual," and "discriminated" have specific meanings under the ADA.  In addition, Placer ARC has raised specific affirmative defenses.  These words and defenses are discussed in the instructions following this one, namely Instructions numbers 17 through 20.

After reviewing the remaining instructions, if you find that the EEOC has proven the second and third elements, your verdict should be for the EEOC.  If, on the other hand, the EEOC has failed to prove any of these elements, or if ARC has established an affirmative defense, your verdict should be for Placer ARC.

19

1    FINAL INSTRUCTION NO. 17

2              As you read above, the EEOC must show, by a preponderance of the evidence, that

3    Ms. Kazerounian is a qualified individual.  The term "qualified individual" means an individual

4    with a disability who, with or without a reasonable accommodation, can perform the essential

5    functions of the employment position that such individual holds.  The individual must satisfy the

6    requisite skill, experience, education, and other job-related requirements of the employment

7    position.

8              An essential function of an employment position means any one of the

9    fundamental job duties of the employment position Ms. Kazerounian holds.  It does not include

10   the marginal functions that may arise through the course of a job.

11             You should consider the employer's judgment as to what functions of a job are

12   essential.  If an employer has prepared a written description before advertising or interviewing

13   applicants for the job, this description is evidence of the essential functions of the job.

14             Other factors that may bear upon whether a job function is essential include, but

15   are not limited to:

16             (1)    Whether the reason the position exists is to perform that function;

17             (2)    Whether there are a limited number of employees available among whom

18                    the performance of that job function can be distributed;

19             (3)    Whether the job function is highly specialized, and the person in that

20                    particular position is hired for her expertise or ability to perform the

21                    particular function;

22             (4)    The amount of time spent performing the job function;

23             (5)    The consequences of not requiring the individual holding the position to

24                    perform the function;

25             (6)    The work experience of past employees who have held the position; and

26             (7)    The work experience of current employees that hold similar positions.

27

28

20

FINAL INSTRUCTION NO. 18

As you read above, the EEOC must show, by a preponderance of the evidence, that Placer ARC discriminated against Ms. Kazerounian.  "Discriminated," as that word is used in the ADA, includes when an employer does not make reasonable accommodations to the known physical limitations of an otherwise qualified employee, unless the employer can demonstrate by a preponderance of the evidence that the accommodation would have imposed an undue hardship on the operation of its business.

The meanings of the words "reasonable accommodations" and "undue hardship" are described in the next instructions.

FINAL INSTRUCTION NO. 19

To establish the defendant's duty to provide a "reasonable accommodation," the EEOC must prove, by a preponderance of the evidence, both of the following elements:

    (1)    Ms. Kazerounian requested of Placer ARC an accommodation due to a disability, and

    (2)    Placer ARC could have made a reasonable accommodation that would have enabled Ms. Kazerounian to perform the essential functions of the job or to participate equally in the benefits and privileges of her job.

Once an employee requests an accommodation, the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation. This interactive process requires the employer's:

    (1)    Direct communication between the employer and employee to explore in good faith the possible accommodations;

    (2)    Consideration of the employee's request; and

    (3)    Offering an accommodation that is reasonable and effective.

The duty to accommodate is a continuing duty that is not exhausted by one effort. The employer's obligation to engage in the interactive process continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.

An employer is not obligated to provide an employee the accommodation she requests or prefers; the employer need only provide some reasonable accommodation. The employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide.

/////

/////

22

It is for you to determine whether the accommodation(s) requested by Ms. Kazerounian are reasonable.  Under the ADA, accommodations by the defendant may include, but are not limited to:

      (1)     Job restructuring;

      (2)     Part-time or modified work schedule;

      (3)     Reassignment to a vacant position;

      (4)     Acquisition or modifications of examinations, training materials or policies;

      (5)     Provision of qualified readers and interpreters; or

      (6)     Other similar accommodations for individuals with Ms. Kazerounian's disabilities.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the employee with a disability.

If Ms. Kazerounian rejected a reasonable accommodation that could have enabled her to perform the essential functions of the position, she cannot be considered qualified for the position.

FINAL INSTRUCTION NO. 20

A defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.  Placer ARC has the burden to prove, by a preponderance of the evidence, that the accommodation(s) Ms. Kazerounian requested would have imposed an undue hardship on Placer ARC.

The term "undue hardship" means an action requiring significant difficulty or expense.  It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The factors to be considered in deciding whether an accommodation would cause undue hardship include:

(1)   The nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding;

(2)   The overall financial resources of the defendant's facility or facilities involved in the provision of the reasonable accommodation, the number of persons employed at such facility, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

(3)   The overall financial resources of the defendant, the overall size of the business of a defendant with respect to the number of its employees, the number, type, and location of its facilities;

(4)   The type of operations the defendant is involved in and the composition, structure, and functions of its work force;

(5)   The geographic separateness and administrative or fiscal relationship of the facility in question to the defendant, and

(6)   The overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other employees and the ability to conduct business.

24

1      If you find the accommodation(s) Ms. Kazerounian requested would have imposed

2   an undue hardship on the operation of Placer ARC's business, your verdict should indicate that

3   the EEOC has not proven that Placer ARC discriminated against Ms. Kazerounian.

FINAL INSTRUCTION NO. 21

The EEOC also claims that Ms. Kazerounian was constructively discharged.  This is a separate claim.  For this claim, the EEOC has the burden of proving the following elements by a preponderance of the evidence:

        (1)      Ms. Kazerounian has a disability within the meaning of the ADA;

        (2)      Ms. Kazerounian was a qualified individual; and

        (3)      A reasonable person in Ms. Kazerounian's position would have felt compelled to resign because of intolerable and discriminatory working conditions.

As you read in previous instructions, the EEOC and Placer ARC agree that Ms. Kazerounian had a recognized disability under the ADA: hearing impairment.  You should therefore treat this element as having been proved.

The term "qualified individual" also has the same meaning described in the previous instructions.

If you find that the EEOC has proven the second and third elements above, your verdict should be for the EEOC on this claim.  If, on the other hand, the EEOC has failed to prove any of these elements, your verdict should be for Placer ARC.

1    FINAL INSTRUCTION NO. 22

2           It is the duty of the court to instruct you about the measure of damages.  By

3    instructing you on damages, the court does not mean to suggest for which party your verdict

4    should be rendered.

5           If you find for the EEOC in either of its claims, you must determine the amount of

6    damages, if any.  The EEOC has the burden of proving damages by a preponderance of the

7    evidence.  Damages means the amount of money that will reasonably and fairly compensate Ms.

8    Kazerounian for any injury or loss you find was caused by Placer ARC.  You should consider the

9    following:

10                 (1)      Any loss of enjoyment of life experienced; and

11                 (2)      Any mental, physical, and emotional pain and suffering experienced.

12

13          However, damages may not be awarded in connection with the EEOC's first claim

14   for failure to provide a reasonable accommodation if Placer ARC demonstrated, by a

15   preponderance of the evidence, its good faith efforts in consultation with Ms. Kazerounian to

16   identify and make a reasonable accommodation that would provide her with an equally effective

17   opportunity and would not cause an undue hardship on the operation of the business.

18          It is for you to determine what damages, if any, have been proved.  Your award

19   must be based upon evidence and not upon speculation, guesswork, or conjecture.

20

21

22

23

24

25

26

27

28

27

FINAL INSTRUCTION NO. 23

If you find for the EEOC in its claim for constructive discharge, you must determine whether Ms. Kazerounian should be awarded back pay and whether Ms. Kazerounian mitigated her damages.

If you find Ms. Kazerounian should be awarded back pay, the court will determine the amount.

Ms. Kazerounian has a duty to use reasonable efforts to mitigate wage losses, if any, on the EEOC's claim for constructive discharge.  To mitigate means to avoid or reduce damages.  To succeed on this defense, Placer ARC has the burden of proving, by a preponderance of the evidence:

> (1)   There were substantially equivalent jobs available that Ms. Kazerounian could have obtained; and
>
> (2)   She failed to use reasonable diligence in seeking a substantially equivalent job.

FINAL INSTRUCTION NO. 24

If you find for the EEOC on either or both of its claims, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate Ms. Kazerounian.

The EEOC has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Placer ARC's conduct that harmed Ms. Kazerounian was malicious, oppressive or in reckless disregard of her rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Ms. Kazerounian.  Conduct is in reckless disregard of Ms. Kazerounian's rights if, under the circumstances, it reflects complete indifference to Ms. Kazerounians' safety or rights, or if Placer ARC acts in the face of a perceived risk that their actions will violate Ms. Kazerounian's rights under federal law.  An act or omission is oppressive if Placer ARC injured or damaged or otherwise violated the rights of Ms. Kazerounian with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Ms. Kazerounian.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of defendants' conduct, including whether the conduct that harmed Ms. Kazerounian was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than Ms. Kazerounian in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Ms. Kazerounian.

FINAL INSTRUCTION NO. 25

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

1   FINAL INSTRUCTION NO. 26

2   When you begin your deliberations, you should elect one member of the jury as

3   your presiding juror.  That person will preside over the deliberations and speak for you here in

4   court.

5   You will then discuss the case with your fellow jurors to reach agreement if you

6   can do so.  Your verdict must be unanimous.

7   Each of you must decide the case for yourself, but you should do so only after you

8   have considered all of the evidence, discussed it fully with the other jurors, and listened to the

9   views of your fellow jurors.

10   Do not hesitate to change your opinion if the discussion persuades you that you

11   should. Do not come to a decision simply because other jurors think it is right.

12   It is important that you attempt to reach a unanimous verdict but, of course, only if

13   each of you can do so after having made your own conscientious decision.  Do not change an

14   honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

FINAL INSTRUCTION NO. 27

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1    FINAL INSTRUCTION NO. 28

2              If it becomes necessary during your deliberations to communicate with me, you

3    may send a note through the bailiff, signed by your presiding juror or by one or more members of

4    the jury.  No member of the jury should ever attempt to communicate with me except by a signed

5    writing; I will communicate with any member of the jury on anything concerning the case only in

6    writing, or here in open court.  If you send out a question, I will consult with the parties before

7    answering it, which may take some time.  You may continue your deliberations while waiting for

8    the answer to any question.  Remember that you are not to tell anyone—including me—how the

9    jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have

10   been discharged.  Do not disclose any vote count in any note to the court.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  FINAL INSTRUCTION NO. 29

2         A verdict form has been prepared for you.  After you have reached unanimous

3  agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign

4  and date it, and advise the court that you are ready to return to the courtroom.