UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PLACER ARC d/b/a PLACER ADVOCACY RESOURCES & CHOICES,<br><br>                    Defendant. | No.  2:13-cv-0577-KJM-EFB<br><br>ORDER |

The U.S. Equal Employment Opportunity Commission (EEOC) brought this action in the public interest to seek relief from Placer ARC (ARC) on behalf of charging party Homeyra Kazerounian. *See generally* Compl., ECF No. 1. The EEOC pursued claims of discrimination under the Americans with Disabilities Act of 1990 (ADA). During trial, which concluded with a verdict in ARC's favor on December 17, 2015, the court ruled on numerous EEOC objections to evidence. This order explains the court's bench ruling on December 10, 2015, overruling the EEOC's objections to admissions of Ms. Kazerounian's out-of-court statements.

I.      BACKGROUND

Ms. Kazerounian, who is hearing impaired, filed two charges of ADA discrimination against ARC, her former employer. *See id.* ¶ 7. She is therefore, as noted, the "charging party" in this case. At trial, ARC sought to elicit testimony from witnesses other than Ms. Kazerounian that she had made certain out-of-court statements while she was employed at ARC. Many of these statements were also reported in letters and memos ARC sought to introduce into evidence as exhibits. In many instances, ARC expressly clarified it intended these statements to be considered for their truth. ARC argued Ms. Kazerounian's statements were not hearsay because she was a party opponent for purposes of Federal Rule of Evidence 801(d)(2). The EEOC objected that Ms. Kazerounian is not an "opposing party" within the meaning of that rule, arguing it is the plaintiff in this action. The court overruled the objection, with this formal order to issue.

II.     THE PARTIES' ARGUMENTS

In addition to providing arguments at trial, the parties addressed the same question in their motions in limine and trial briefs. *See, e.g.*, Def. Opp'n to Pls.' Mot. in Limine No. 1, at 5, ECF No. 120; EEOC Reply 5–6, ECF No. 155; Def.'s Trial Br. 11–12, ECF No. 166. In the briefing, ARC cited the EEOC's argument during discovery that Ms. Kazerounian was its client for purposes of the attorney-client privilege. *See* Def.'s Trial Br. at 11; Def.'s Opp'n to Pl.'s Mot. in Limine No. 3, at 4–5, ECF No. 122. ARC also cited another case in which the EEOC had argued that a charging party such as Ms. Kazerounian is a real party in interest. *See, e.g.*, Def.'s Trial Br. 11 (citing *EEOC v. Merchants State Bank*, 554 F. Supp. 2d 959 (D.S.D. 2008)).

In *Merchants State Bank*, the charging party moved to intervene as plaintiff in an action brought by the EEOC against his former employer. 554 F. Supp. 2d at 961. The defendant employer argued the charging party lacked standing because he was not the real party in interest. *Id.* The EEOC argued the charging party was "a real party in interest because he retain[ed] an interest in obtaining injunctive relief against defendant and retain[ed] an interest in reinstatement." *Id.* at 962. The court found the charging party had standing to obtain injunctive relief and reinstatement. *Id.* The court also concluded the charging party had an unconditional

2

right and absolute right to intervene in the action. *See id.* at 962–63 (citing, among other authorities, 42 U.S.C. § 2000e–5(f)(1)).

In response to ARC's argument, the EEOC cited Federal Rule of Civil Procedure 17, which provides that the United States may be the plaintiff and real party in interest in a civil action. *See* Fed. R. Civ. P. 17(a)(1)(G) ("An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: . . . a party authorized by statute."); *id.* R. 17(a)(2) ("When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States."); 42 U.S.C. § 2000e-5(f)(1) ("If within thirty days after a charge is filed with the [EEOC] . . . , the [EEOC] has been unable to secure from the respondent a conciliation agreement acceptable to the [EEOC], the [EEOC] may bring a civil action against any respondent . . . named in the charge."). The EEOC also cites *Donovan v. Crisostomo*, in which the Ninth Circuit held that the hearsay exclusion of Rule 801(d)(2) does not apply to statements by employees in a Fair Labor Standards Act (FLSA) action prosecuted by the Secretary of Labor. 689 F.2d 869, 876–77 (9th Cir. 1982) (citing *Brennan v. Heard*, 491 F.2d 1, 4–5 (5th Cir. 1974) (the Secretary is the real party in suits brought under the FLSA)).

III.     DISCUSSION

Federal Rule of Evidence 801 provides, in relevant part, "A statement that meets the following conditions is not hearsay: . . . The statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). No authority appears to clarify whether a charging party on whose behalf the EEOC may bring a civil action under the ADA is a "party opponent" for purposes of Federal Rule of Evidence 801(d)(2)(A). In the absence of that authority, the court considered the parties' arguments and looked to the traditional justifications for the rules against hearsay.

For example, the Seventh Circuit has explained, "The concern behind the hearsay principle is with the reliability of evidence . . . ." *United States v. DiDomenico*, 78 F.3d 294, 303 (7th Cir. 1996). But "[b]ecause a statement to be admissible as the statement of a party need not have been against interest when made (or at any time for that matter), the admissibility of such a

3

statement cannot convincingly be grounded in the presumed trustworthiness of a statement that is against the utterer's self-interest to give." *Id.* (citations omitted). Rather, "[t]he standard justification of its admissibility is a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *Id.*

Similarly, according to one frequently cited treatise, "the most satisfactory justification of the admissibility of admissions is that they are the product of the adversary system, sharing on a lower level the characteristics of admissions in pleadings or stipulations." 2 McCormick On Evid. § 254 (7th ed. 2013). In other words, the statements of a party opponent "need not satisfy the traditional requirement for hearsay exceptions that they possess circumstantial guarantees of trustworthiness. Rather admissions are outside the framework of hearsay exceptions, classed as nonhearsay, and excluded from the hearsay rule." *Id.*

At trial, the court overruled the EEOC's hearsay objections and allowed Ms. Kazerounian's out-of-court statements to be admitted for their truth. The court found that although Ms. Kazerounian is a witness, not a plaintiff, she is no ordinary witness but rather a "witness plus" on whose statements ARC should be entitled to rely as a practical matter, given the traditional justifications for the hearsay rules and its exclusions. At the same time, the court notes that several if not all of the statements admitted would likely be admissible as statements offered for matters other than their truth, as evidence of the Ms. Kazerounian's present sense impression, as an excited utterance, or as a statement of her then-current mental or emotional state. *See* Fed. R. Evid. 801(c), 803(1)–(3).

IT IS SO ORDERED.

DATED: January 6, 2016.

_____
UNITED STATES DISTRICT JUDGE