1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES EQUAL                        No.  2:13-cv-0577-KJM-EFB
     EMPLOYMENT OPPORTUNITY
12   COMMISSION,

13                  Plaintiff,                  ORDER

14          v.

15   PLACER ARC d/b/a PLACER
     ADVOCACY RESOURCES & CHOICES,
16
                    Defendant.
17

18

19          The U.S. Equal Employment Opportunity Commission (EEOC) sued Placer ARC

20   on behalf of Homeyra Kazerounian, ARC's former employee.  The EEOC claimed ARC

21   discriminated against Ms. Kazerounian because she is deaf.  The EEOC also claimed ARC

22   retaliated against Ms. Kazerounian after she requested sign-language interpreters and then forced

23   her to quit, all in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.

24   § 12101 *et seq.*

25          The court granted ARC's motion for summary judgment on the retaliation claim,

26   and a jury trial was completed for the other two claims last December.  The jury found that ARC

27   had neither discriminated against Ms. Kazerounian nor forced her to quit.  After the trial, ARC

28   filed its bill of costs and requested an award of its attorneys' fees.  After reviewing the parties'

                                              1

1   briefing, the court determined a hearing would not be necessary, and the matter was submitted.

2   ARC's motion for attorneys' fees is denied, and it is awarded $19,696.25 in costs.

3   I.      ATTORNEYS' FEES

4               The ADA allows a court to award attorneys' fees to a "prevailing party."

5   42 U.S.C. § 12205.  The United States may be liable under this provision as would a private

6   individual.  *Id.*  Both plaintiffs and defendants can be prevailing parties in ADA cases, but not

7   every defendant who defeats an ADA claim is entitled to its fees.  *See, e.g.*, *Kohler v. Bed Bath &*

8   *Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (citing *Christiansburg Garment Co. v.*

9   *Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 418–19 (1978)).  A defendant will receive an

10  award only if it shows the plaintiff's case was frivolous, unreasonable, or lacked any foundation,

11  *id.*, or if it became apparent the case fit this description midway through the litigation, but the

12  plaintiff persevered nonetheless, *Christiansburg*, 434 U.S. at 422.

13              Frivolousness is relatively difficult to prove; only in "exceptional circumstances"

14  are prevailing defendants awarded their fees under the *Christiansburg* test.  *Harris v. Maricopa*

15  *Cty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).  Certainly if the plaintiff pursued the case

16  in bad faith, the defendant is entitled to its attorneys' fees.  *Christiansburg*, 434 U.S. at 422.  But

17  because a case may seem strong at the outset and weak in retrospect, the court must take care not

18  to rationalize an award with the benefit of hindsight.  *Id.* at 421–22.  This is true even when a

19  defendant secures summary judgment in its favor.  *Kohler*, 780 F.3d at 1266–67.  The facts may

20  have been uncertain or the law in flux.  *Id.*; *Christiansburg*, 434 U.S. at 421–22.  Frivolous cases

21  have been described as those with obvious results, "wholly without merit," brought in the face of

22  abundant contrary legal authority or without any evidentiary support.  *See, e.g.*, *C.W. v.*

23  *Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015); *E.E.O.C. v. Glob. Horizons,*

24  *Inc.*, 100 F. Supp. 3d 1077, 1091–92 (E.D. Wash. 2015).

25              In this case, ARC secured partial summary judgment in its favor and a unanimous

26  exonerating jury verdict, but it has not shown the EEOC's case against it was frivolous,

27  unreasonable, or without a factual or legal foundation.  First, the jury credited the EEOC's

28  evidence to find that Ms. Kazarounian was qualified to perform the essential functions of her

2

1    position, and the parties agreed she had a disability.  *See* Verdict, ECF No. 197.  Second, at

2    summary judgment and trial, the EEOC presented evidence that would have allowed a reasonable

3    jury to conclude that ARC discriminated against Ms. Kazerounian when it refused to provide her

4    with a certified sign language interpreter and treated her more harshly than its hearing employees;

5    ARC's corresponding motions for summary judgment and a directed verdict were denied.  *See*

6    Order July 13, 2015, ECF No. 97; Minutes, ECF No. 192.  And third, although ARC's motion for

7    summary judgment was granted with respect to the EEOC's retaliation claim, the EEOC

8    presented evidence that would have allowed a reasonable jury to find that soon after Ms.

9    Kazerounian hired a lawyer and filed internal complaints, she received negative performance

10   evaluations, was disciplined, and was threatened with termination.  *See* Order July 13, 2015,

11   at 16–17.  ARC's motion for summary judgment was granted because the EEOC relied too

12   heavily on timing to establish ARC's discriminatory intent.  *See id.* at 17–18.  Questions of

13   circumstantial evidence like these rarely lend themselves to predictable answers; "the course of

14   litigation is rarely predictable."  *Christiansburg*, 434 U.S. at 422.

15          ARC protests that long before this case began, it forwarded the EEOC the very

16   evidence the jury eventually believed.  *See* Fees Mem. 3–7, ECF No. 205 (citing *Global*

17   *Horizons*, 100 F. Supp. 3d at 1080).  But as explained above, the EEOC also relied on a

18   reasonable interpretation of the evidence and law when it decided to go forward with the case.  In

19   retrospect, ARC's evidence may appear stronger, but the court cannot rely on hindsight to find the

20   EEOC's case was frivolous, foundationless, or unreasonable.  ARC's motion for attorneys' fees

21   and non-taxable costs is denied.

22   II.    BILL OF COSTS

23          Ordinarily, a prevailing party is awarded its costs other than attorneys' fees; these

24   costs "should be allowed."  Fed. R. Civ. P. 54(d)(1).  Costs may be awarded against the United

25   States and its agencies.  *See id.*  Local Rule 292 limits taxable costs to those enumerated in 28

26   U.S.C. § 1920.  E.D. Cal. L.R. 292(a); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

27   U.S. 437, 442–443 (1987).  A district court generally has discretion to determine what costs may

28   be taxed under these rules.  *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997).  The

3

1  court also has discretion to refuse an award entirely.  *Ass'n of Mexican Am. Educators v. State of*

2  *Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The court must explain its reasons for refusing to tax the

3  prevailing party's costs.  *Id.* at 592.

4         Here, ARC requests an award of $23,270.35 for its non-attorneys'-fee costs.  Bill

5  of Costs, ECF No. 202.  The EEOC objects to ARC's request for $2,200.00 in expert witness fees

6  paid to Dr. Shana Williams and $1,454.10 in expert witness fees paid to James Brune, in both

7  instances for their depositions.  ECF No. 203.  Expert witness fees are limited to the amount

8  allowed by 28 U.S.C. § 1821(b), "$40 per day for each day's attendance," absent statutory or

9  other authority to the contrary.  *Crawford Fitting Co.*, 482 U.S. at 439; *Yeager v. AT & T*

10  *Mobility, LLC*, No. 07-2517, 2012 WL 6629434, at *7 (E.D. Cal. Dec. 19, 2012).  ARC is

11  therefore awarded $80 for costs incurred for Dr. Williams's and Mr. Brune's depositions.

12  Otherwise ARC's non-attorneys'-fee costs are taxed as requested, and the EEOC's objections are

13  overruled.

14  III.    <u>CONCLUSION</u>

15         ARC's motion for attorneys' fees is DENIED.  ARC's costs of $19,696.25 are

16  taxed to the EEOC.  This order resolves ECF Nos. 202 and 204.

17         IT IS SO ORDERED.

18   DATED:  June 9, 2016.

19

20                       _____

21                       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28